[Civ. No. 8450. Second Appellate District, Division Two.—July 20, 1934.]

WILL H. PERRY, Appellant, v. SAMUEL L. BROWNE et al., Defendants; IRVIN C. TAPLIN, Respondent.

Arthur Wm. Green and C. H. Scharnikow for Appellant.

Harry T. Young for Respondent.

ARCHBALD, J., *pro tem.*—November 5, 1928, a judgment was entered in this case in favor of plaintiff and against defendants. December 3, 1928, defendant Taplin moved for a new trial, which was granted by order dated January 21, 1929. On June 1, 1931, the case was set for trial on September 10, 1931, and on the latter date was continued to November 10th, at which time it was ordered off calendar. "No continuances were had by the written consent or stipulation of said defendant, Irvin C. Taplin." February 15, 1932, Taplin filed his motion to dismiss the action on the ground that plaintiff had failed to bring it to trial within three years after the entry of the order granting a new trial, which motion was granted by order

entered February 19, 1932. From such order plaintiff has appealed.

Section 583 of the Code of Civil Procedure was amended in 1929 by adding the following paragraph, on which said motion was based: ''When in any action after judgment a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion . . . , unless such action is brought to trial within three years after entry of the order granting a new trial, except when the parties have stipulated in writing that the time may be extended.'' It will be seen that a period of three years and twenty-four days elapsed between the dates on which said order granting a new trial was entered and the motion to dismiss was filed, and that the facts bring this case squarely within such amendment if the same applies. Appellant urges that the amendment is not retroactive and does not apply to orders granted before its effective date, August 14, 1929; that if it does apply to such orders the only effect was to require the action to be brought to trial within three years from such effective date, and that as approximately six months still remained of such period the action was prematurely dismissed.

The language in question is clearly and expressly retroactive. Speaking from its effective date, it says ''any action'' in which ''a motion for a new trial *has been made and a new trial granted*''. Undoubtedly the section would not be held applicable to a case where the period of three years had already expired at the effective date, or such part of it as to create a hardship on a litigant by practically depriving him of the opportunity to bring his case to trial within the period. No such situation is shown here. Appellant was bound to know on August 14, 1929, that he must bring his case to trial within three years from January 21, 1929, or by January 21, 1932. He had two years and six months in which to take such action but did not. We think he should have done so. See *Parker* v. *Kane*, 4 Wis. 1, at page 28 [65 Am. Dec. 283], the language of which, although used with reference to a statute of limitations, is equally pertinent here.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.